## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| RUDOLPH WORDLAW,<br>INDIVIDUALLY AND ON BEHALF OF<br>ALL OTHERS SIMILARLY SITUATED, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO:<br>3:15-CV-00187-TCB-RVG |
| v. | ) ) | |
| FLOWERS FOODS, INC. AND<br>FLOWERS BAKING COMPANY OF<br>VILLA RICA, LLC, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## JOINT  REPORT AND DISCOVERY PLAN

COMES  NOW  Plaintiff  Rudolph  Wordlaw  ("Plaintiff"),  on  behalf  of

himself and all other distributors he seeks to represent, and Defendants Flowers

Foods, Inc. ("Flowers Foods") and Flowers Baking Company of Villa Rica,

LLC ("FBC Villa Rica") (collectively "Defendants"), and pursuant to Local

Rule 16.2, submit the following Joint Preliminary Report and Discovery Plan.

**1.     Description of the Case:**

      **a.  Describe briefly the nature of this action:**

Plaintiff's Complaint alleges a claim for overtime compensation under

the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").   Plaintiff

seeks to pursue his FLSA claim as a collective action pursuant to 29 U.S.C. §

216(b)  on  behalf  of  a  "similarly  situated"  collective  group  identified  as

individuals who worked as distributors in Georgia for Defendants, and other

subsidiaries or affiliates of defendant Flowers Foods, Inc., under an agreement

with defendant FBC Villa Rica or others, and who were classified as independent contractors during the applicable limitations period. Plaintiff alleges that he, and those he seeks to represent, were misclassified as independent contractors and were not paid overtime for time worked over forty hours in a workweek.

Defendants deny that Plaintiff and those he seeks to represent were employees and contend that they were properly classified as an independent contractors and have been fully compensated for all services. Further, Defendants contend the putative plaintiffs are not similarly situated, and Defendants oppose collective action certification on several grounds, including, but not limited to, that the individualized inquiries required to determine whether Plaintiff and those he seeks to represent are independent contractors or, alternatively, are otherwise exempt assuming they are employees (which is denied by Plaintiff) are inconsistent with the principles of judicial economy upon which collective actions are based and render this case inappropriate for collective action certification. Defendants also contend that any distributor Plaintiff seeks to represent who is not a current or former distributor of FBC Villa Rica in this action are not proper putative plaintiffs.

**b.  Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff purchased a distributorship pursuant to a Distributor Agreement with FBC Villa Rica.  Plaintiff (and those he seeks to represent) was classified and treated as an independent contractor by FBC Villa Rica.  Plaintiff claims that, in practice, FBC Villa Rica controlled his daily "job functions" and the "terms and conditions" of his business.

As a result of FBC Villa Rica's alleged wrongful conduct, Plaintiff purports to bring an FLSA claim for overtime compensation on behalf of himself and other distributors whom Plaintiff believes are similarly situated. Plaintiff also brings his overtime claim against Flowers Foods, which is an indirect parent of FBC Villa Rica. Plaintiff contends that Flowers Foods also meets the definition of employer under the FLSA, while Defendants deny that Flowers Foods is an employer of any distributor and maintain that Flowers Foods is not a proper party to this case.

**c.  The legal issues to be tried are as follows:**

(a) Whether a collective action is appropriate under the facts and circumstances of this case.

(b) Whether Plaintiff is an "employee" under the applicable provisions of the Fair Labor Standards Act with respect to either Defendant.

(c) Whether Defendants can prove that the outside sale exemption is applicable under the facts and circumstances of this case.

(d) Whether Defendants can prove that the Motor Carrier exemption is applicable under the facts and circumstances of this case.

(e) Whether Plaintiff's claims or the claims of those he seeks to represent are barred by the various defenses set forth in Defendants' answers.

(f) Whether Plaintiff can prove that Defendants acted willfully to extend the limitations period to three years.

(g) Whether Defendants can prove that their violations of the FLSA, if any, were made in good faith so as to avoid the award of liquidated damages.

(h) Whether the claims of one or more of the putative plaintiffs are subject to mandatory binding arbitration.

(i) What are the damages due the Plaintiff, if any, and those individuals he seeks to represent under the Fair Labor Standards Act in the event of a finding any such damages are due?

**d. The case listed below (include both style and action number) are pending related cases:**

At this time there are currently pending multiple federal lawsuits filed by distributors against Flowers Foods and/or other direct or indirect subsidiaries of Flowers Foods that include alleged violations of the FLSA regarding distributors in which plaintiffs seek to proceed as a collective action. Defendants deny that any of these cases are "related" because they involve different subsidiaries, different distributors, and different facts. Nonetheless, these other cases include:

Name of case: *Rehberg, et al. v. Flowers Baking CO. of Jamestown, et al.*
Court: U.S. District Court, Western District of North Carolina
Docket Number: 3:12-cv-00596

Name of case: *Stewart, et al. v. Flowers Baking Co. of Batesville, et al.*
Court: U.S. District Court, Western District of Tennessee
Docket Number: 1:15-cv-011162

Name of case: *McCurley v. Derst Baking Co., LLC, et al.*
Court: U.S. District Court, District of South Carolina
Docket Number: 5:16-cv-00194

Name of case: *Neff, et al. v. LePage Bakeries, Inc., et al.*
Court: U.S. District Court, District of Vermont
Docket Number: 5:15-cv-00254

Name of case: *Noll, et al. v. LePage Bakeries, et al.*
Court: U.S. District Court, District of Maine
Docket Number: 1:15-cv-00493

Name of case: *Carr, et al. v. Flowers Foods, et al*
Court: U.S. District Court, Eastern District of Pennsylvania
Docket Number: 2:15-cv-06391

Name of case: *Morrow. v. Flowers Foods, Inc., et al.*
Court:  U.S. District Court, Middle District of Alabama
Docket Number: 3:07-cv-00617

Name of case: *Rosinbaum, et al. v. Franklin Baking Co. LLC, et al.*
Court: U.S. District Court, Western District of North Carolina
Docket Number: 3:15-cv-00581

Name of case:  *Richard, et al. v. Flowers Foods, Inc., et al.*
Court:  U.S. District Court, Western District of Louisiana
Docket Number: 6:15-cv-02557

Name of case: *Rodriguez, et al. v. Flowers Baking Co. of Houston, et al.*
Court: U.S. District Court, Southern District of Texas
Docket Number: 4:16-cv-00245

Name of case: *Zapata v. Flowers Baking Co. of Houston, et al.*
Court: U.S. District Court, Southern District of Texas
Docket Number: 4:16-cv-00676

Name of case: *Boulange v. Flowers Baking Co. of Oxford, Inc., et al.*
Court:  U.S. District Court, District of New Jersey
Docket Number: 1:2016-cv-01681

Name of case:  *Coyle v. Holsum Bakery, Inc., et al.*
Court:  U.S. District Court, District of Arizona
Docket Number:  2:15-cv-01372

Defendants maintain these cases involved individualized allegations,

facts, legal claims, different parties, and defenses.

2.     **This case is complex because it possesses one (1) or more of the features listed below (please check):**

  __X__ (1)   Unusually large number of parties.
  _____ (2)   Unusually large number of claims or defenses.
  _____ (3)   Factual issues are exceptionally complex.
  __X__ (4)   Greater than normal volume of evidence.
  __X__ (5)   Extended discovery period is needed.
  _____ (6)   Problems locating or preserving evidence.
  _____ (7)   Pending parallel investigations or action by government.
  _____ (8)   Multiple use of experts.
  _____ (9)   Need for discovery outside United States boundaries.
  _____ (10) Existence of highly technical issues and proof.

3.     **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

  **Plaintiff**
  Steven G. Durio
  Ryan Goudelocke
  Daniel J. Phillips
  Durio, McGoffin, Stagg & Ackermann
  220 Heymann Blvd. (70503)
  Post Office Box 51308
  Lafayette, LA 70505-1308
  (337) 233-0300
  (337) 233-0694 (fax)

Mitchell D. Benjamin
Kevin D. Fitzpatrick, Jr.
Charles R. Bridgers
DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin LLC
3100 Centennial Tower
101 Marietta Street, NW
Atlanta, GA  30303
(404) 979-3150
(404) 979-3170 (fax)

**Defendants**

Kevin P. Hishta
Michael Oliver Eckard
Erika L. Leonard
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
191 Peachtree Street, NE, Suite 4800
Atlanta, GA 30303
Telephone: (404) 881-1300
Facsimile: (404) 870-1732

Margaret S. Hanrahan
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244

4.    **Jurisdiction:**

**Is there any question regarding this court's jurisdiction?**

_____ Yes                          $\underline{X}^1$  No

If "yes," please attach a statement, not to exceed one (1) page, explaining

the jurisdictional objection.   When there are multiple claims, identify and

---

[1] Defendants do assert, however, that this Court lacks jurisdiction over any purported claims by putative opt-in plaintiffs who have agreed to mandatory binding arbitration.

discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

**5.     Parties to This Action:**

(a)     The following persons are necessary parties who have not been joined:

  None known at this time.

(b)     The following persons are improperly joined as parties:

Defendants assert that Flowers Foods, Inc. is improperly joined, as it was not a party to the Distributor Agreement between Plaintiff and FBC Villa Rica, nor was it a party to any Distributor Agreement with any of the individuals whom Plaintiff seeks to represent.

Plaintiff contends that Flowers Foods is a proper party and meets the definition of employer pursuant to 29 U.S.C. § 203(d).  Discovery on this issue will be necessary.

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None known at this time.

(d)     The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name:

The parties agree to inform the court should any such contentions become known.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:

        Plaintiff will be amending the Complaint to add additional named plaintiffs.

(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.**     **Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)     *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)     *Summary Judgment Motions*: within twenty (20) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)     *Other Limited Motions*: refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)     *Motions Objecting to Expert Testimony*: *Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.**   <u>**Initial Disclosures**</u>

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If a party objects that initial disclosures are not appropriate, state the party and the basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information.  Refer to Fed. R. Civ. P. 26(a)(1)(B).

The Parties do not object to serving initial disclosures.  The parties agree to serve initial disclosures on or before April 29, 2016.

**9.**   <u>**Request for Scheduling Conference**</u>

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference at this time.

**10.**   <u>**Discovery Period:**</u>

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks:  (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in

Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and services copies of the complaint at time of filing.

Please state below the subjects on which discovery may be needed:

Plaintiff's independent contractor status; whether certification of this case as a collective action is appropriate; the Distributor Agreement between Plaintiff and FBC Villa Rica; amounts Plaintiff and those he seeks to represent were compensated and hours worked; alleged damages; whether Flowers Foods is an "employer" under 29 U.S.C. § 203(d); Defendants' defenses, including FLSA exemptions.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The Parties have conferred regarding proposed discovery for this action and deadlines for filing motions for and opposition to collective action certification.   The Parties propose that discovery be conducted in two (2) phases, discussed below:

**First Phase of Discovery:** The first phase of discovery shall focus on Section 216(b) conditional certification issues pursuant to the following schedule:

| | |
|---|---|
| Discovery begins: | May 1, 2016 |
| Discovery ends: | September 1, 2016 |
| Plaintiffs' conditional certification motion due: | October 1, 2016 |
| Defendant's response due: | November 1, 2016 |
| Plaintiff's reply due: | November 17, 2016 |

The Parties agree to toll the statute of limitations for all Plaintiff's and putative Plaintiffs' claims until October 1, 2016.

Defendants may depose the named Plaintiff and up to three select opt-in Plaintiffs of Defendants' choosing.  Such depositions shall be scheduled to take place at the offices of DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin LLC in Atlanta, Georgia, unless otherwise agreed by the parties and shall be limited to a total of four hours each under oath on the record, without prejudice to Defendants' ability later in the case to take a full seven-hour deposition of each individual with respect to merits discovery and decertification issues (if a class is conditionally certified).

Plaintiff may conduct up to four (4) depositions, including depositions of Defendants pursuant to Fed. R. Civ. P. 30(b)(6) as determined by Plaintiff.  Such depositions shall be scheduled to take place at the offices of Ogletree Deakins in Atlanta, Georgia, unless otherwise agreed by the parties and shall be limited to a total of four hours each under oath on the record, without prejudice to Plaintiff's ability later in the case to take full seven-hour depositions of each such individual or entity and any additional depositions with respect to merits discovery and decertification issues (if a class is conditionally certified).

Each party shall be entitled to serve a maximum of twenty-five (25) interrogatories, including subparts, twenty-five (25) requests for production of documents, and twenty-five (25) requests for admission on each other party and any opt-in party before these first phase depositions.

**Second Phase of Discovery:**  The second phase of discovery shall focus on the merits and decertification issues (if a class is conditionally certified) pursuant to the following schedule:

| | |
|---|---|
| Discovery begins: | Seven (7) days after Court's conditional-certification order |
| Expert disclosures due: | 90 days before Second Phase discovery ends |
| Expert reports due: | 75 days before Second Phase discovery ends |

| | |
|---|---|
| Discovery ends: | 180 days after Second Phase discovery begins |
| Defendant's motion to decertify (if appropriate) due: | 30 days after Second Phase discovery ends |
| Parties' responses to motions* due: | 30 days after motions are filed |
| Parties' replies to motions* due: | 15 days after responses are filed |
| Rule 26(e) supplementations due: | 30 days before trial |

*These deadlines apply only to dispositive motions and Defendants' Motion to Decertify (if applicable). The Local Rules shall govern the response deadline for all other motions.

The Parties will submit to this Court a proposed schedule for this second phase of discovery with definite dates once this Court enters an order regarding conditional certification.

The Parties agree that each Defendant may serve second phase written discovery on each named and opt-in Plaintiff, not to exceed twenty-five (25) interrogatories, including discrete subparts, twenty-five (25) requests for production of documents and twenty-five (25) requests for admission per named or opt-in Plaintiff. The parties agree that each Plaintiff and opt-in may serve second phase written discovery on Defendants, not to exceed twenty-five (25) interrogatories, including discrete subparts, twenty-five (25) requests for production of documents and twenty-five (25) requests for admission.

The parties shall be entitled to continue the depositions of each Named Plaintiff on the second phase discovery topics, and each deposition in the second phase may last a full seven hours under oath. Assuming the Court conditionally certifies any or all of Plaintiff's proposed class, the parties agree to confer regarding the number of opt-in Plaintiff depositions Defendants may take and the number of depositions Plaintiffs may take during the second phase. If the parties are unable to reach an agreement

regarding the appropriate number of depositions, the parties agree to seek guidance from this Court regarding same.  However, in no event will any party be prohibited from taking as many as ten (10) depositions of persons and entities as such party, in its sole discretion, sees fit to take, unless otherwise ordered by the Court.

**11.    Discovery Limitation:**

**a.**  What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

In addition to those limits discussed above, the parties agree that Plaintiff and Defendants are limited to two (2) experts each. The parties have agreed upon deadlines for disclosure of experts and expert discovery, as set forth above.

**b.**  Is any party seeking discovery of Electronically-Stored Information?

_____X____ Yes                    _____ No

If "yes,"

(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties will confer regarding the scope of potentially relevant ESI requested during the course of discovery and agree upon search terms to govern collection and production of the same.  The parties will also confer regarding the terms of an ESI Protocol Agreement that will govern searching and production of ESI in this case.

(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties agree that production of ESI (with the exception of any data production) shall be produced as black and white PDF files at 300 dpi resolution or greater to the extent possible. All electronic documents attached to an email are to be produced contemporaneously and sequentially immediately after the parent email. All documents shall be Bates-labeled to the extent possible. The parties will discuss any metadata issues with the goal of meeting the Parties' respective discovery needs and obligations.

In circumstances where a party is asserting that data is not reasonably accessible, that party shall provide to the other party an explanation as to why the information is not reasonably accessible and of the undue burden or cost associated with retrieving the data. If the party requesting the information still insists on its production, the parties shall attempt to reach an agreement on sharing the cost of retrieving such data prior to bringing a motion to compel or motion for protective order with the Court.

**c.** Claims of Privilege

The parties will confer, in good faith, to agree upon the terms of a proposed Order governing the production of confidential information, which includes a process for the handling of any claims of privilege or of protection as trial-preparation material asserted after production. The provisions in Federal Rule of Evidence 502 regarding waiver and inadvertent disclosure shall govern this case. Upon an inadvertent disclosure of privileged documents or information, the producing party shall notify the other parties of the disclosure, and the receiving parties shall promptly return the privileged material. Specifically, the parties propose that in the event a party inadvertently discloses documents or information ("the Disclosing Party") that it believes to be protected by a privilege or as trial preparation material, the Disclosing Party shall immediately notify the party to whom the disclosure was made ("the Receiving Party") of the disclosure. The notification shall be in writing, and shall specify the documents or information for which the privilege or the trial preparation protection are claimed. Within five (5) days of receiving the notice, the Receiving Party will notify the Disclosing Party as to whether the Receiving Party will or will not honor the claimed privilege or protection.

If the Receiving Party is willing to honor the claimed privilege or protection, it must promptly return or destroy the specific information and

any copies in its possession and may not use or disclose the information until the claim is resolved.  If the Receiving Party is not willing to honor the claimed privilege or protection, it shall be the Disclosing Party's obligation to bring the matter to the Court for resolution as soon as is reasonably possible after receiving notice from the Receiving Party.  The documents or information subject to the claim of privilege or protection will be treated as privileged or protected by the Receiving Party until such time as the Court resolves the dispute.

**12.   Other Orders:**

What other orders do the parties think that the Court should enter under

Rule 26(c) or under Rule 16(b) and (c)?

The parties have discussed the confidentiality of certain information and documents which may be requested and produced during the litigation of this matter.  The parties have agreed to confer in good faith regarding the scope of a mutually-acceptable consent protective order to be filed with the Court prior to any such information being exchanged.

**13.   Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on April 15, 2016, and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff:  Lead counsel (signature)  s/Ryan Goudelocke

For Defendants:  Lead counsel (signature)  s/Michael Oliver Eckard

Other participants:   Mitchell D. Benjamin, Charles R. Bridgers, and

Kevin Hishta

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.

(__X__)  A possibility of settlement after discovery.

(_____) A possibility of settlement, but a conference with the judge is needed.

(_____)  No possibility of settlement.

(c)     Counsel (__X__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is not yet known, but counsel for both parties will continue to discuss the possibility of resolution.

(d)     The following specific problems have created a hindrance to settlement of this case:

Due to the nature of the claims and Plaintiff's request to proceed collectively, and the lack of discovery to date, the Parties are not in a position to settle this case.

**14.     Trial by Magistrate Judge:**

Note:  Trial before a Magistrate Judge will be by jury trial if a party is

otherwise entitled to a jury trial.

(a)     The parties (___) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day, _____, of 200__.

(b)     The parties (__X__) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted this 15th day of April 2016.

/s/  Ryan Goudelocke*_____

**Durio, McGoffin, Stagg & Ackermann**

Steven G. Durio (#05230)

/s/  *Michael Oliver Eckard*_____

**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**

Kevin P. Hishta
GA Bar No. 357410

17

Ryan M. Goudelocke (#30525)
Daniel J. Phillips (#32921)
220 Heymann Boulevard (70503)
Post Office Box 51308
Lafayette, LA  70505-1308
Phone: (337) 233-0300
Fax:     (337) 233-0694
Email:  durio@dmsfirm.com
            ryan@dmsfirm.com
            dan@dmsfirm.com

**DeLong, Caldwell, Bridgers,
Fitzpatrick & Benjamin LLC**

Mitchell D. Benjamin
GA Bar No. 049888
Kevin D. Fitzpatrick, Jr.
GA Bar No. 262375
Charles R. Bridgers
GA Bar No. 080791
3100 Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303

Phone:  (404) 979-3150
Fax: (404) 979-3170
Email:  Benjamin@dcbflegal.com
            Kevin.fitzpatrick@dcbflega
            l.com
            charlesbridgers@dcbflegal.
            com

*ATTORNEYS FOR PLAINTIFF*

*\* Signed with express permission*

Michael Oliver Eckard
GA Bar No. 238550
Erika L. Leonard
GA Bar No. 565965
191 Peachtree Street, NE, Suite 4800
Atlanta, GA 30303
Telephone: (404) 881-1300
Facsimile: (404) 870-1732
kevin.hishta@ogletreedeakins.com
michael.eckard@ogletreedeakins.com
erika.leonard@ogletreedeakins.com

Margaret S. Hanrahan
GA Bar No. 578314
Brittni A. Pitts
GA Bar No. 956522
201 South College Street, Suite 2300
Charlotte, NC 28244
maggie.hanrahan@odnss.com
brittni.pitts@ogletreedeakins.com

*ATTORNEYS FOR DEFENDANTS*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| RUDOLPH WORDLAW, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, )<br>)<br>)<br>) | |
| Plaintiffs, )<br>)<br>) | CIVIL ACTION NO:<br>3:15-CV-00187-TCB-RVG |
| v. )<br>) | |
| FLOWERS FOODS, INC. AND FLOWERS BAKING COMPANY OF VILLA RICA, LLC, )<br>)<br>)<br>) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing **Joint Report and Discovery Plan** has been filed this day using the Court's CM/ECF system, which will automatically serve a copy of same upon the following counsel of record via e-mail:

Steven G. Durio, Esq.
Ryan M. Goudelocke, Esq.
Daniel J. Phillips, Esq.
Durio, McGoffin, Stagg & Ackerman
220 Heymann Boulevard
P.O. Box 51308
Lafayette, LA 70505-1308

Mitchell D. Benjamin, Esq.
Kevin D. Fitzpatrick, Jr., Esq.
Charles R. Bridgers, Esq.
DeLong, Caldwell, Bridgers,
    Fitzpatrick & Benjamin LLC
3100 Centennial Tower
101 Marietta Street, NW
Atlanta, GA 30303

This 15th day of April 2016.

*s/Michael Oliver Eckard*
Michael Oliver Eckard
Georgia Bar No. 238550