IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RUDOLPH WORDLAW, Individually, and on Behalf of all others Similarly Situated, | : : : | CIVIL ACTION NO. 3:15-CV-001870-TCB-RGV |
| Plaintiffs, | : : | |
| v. | : : : | |
| FLOWERS FOODS, INC. and FLOWERS BAKING COMPANY OF VILLA RICA, LLC, | : : : : | |
| Defendants. | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN OPPOSITION TO DISMISSAL OF FLSA COLLECTIVE-ACTION CLAIMS

Plaintiffs **Billy Joe Davis, Jr.** and **James Farr**, through undersigned counsel, respectfully submit the following in compliance with the Court's order of November 3, 2016 (Rec. Doc. 51), that they show cause why the collective-action component of their claims should not be dismissed.

This Memorandum in Opposition is submitted on behalf of Messrs. Davis and Farr alone, as the parties have by stipulation this same day agreed to dismissal without prejudice (Rec. Doc. 52) of all claims by plaintiffs Rudolph Wordlaw, Rosalula "Ross" Reid, and Richard Smith.

The Court's Order stems from, first, Defendants' Motion to Compel (Rec. Doc. 48) discovery responses on Phase I certification discovery; the Court's Order of October 12, 2016 directing Phase I discovery responses by October 27, 2016; and the telephone status

conference held November 3, at which undersigned counsel represented that plaintiffs were attempting to comply with discovery in order to avoid prejudice to their claims pending a forthcoming suit by other counsel into which plaintiffs would be eligible to opt.

That suit, *Daniel Martins v. Flowers Foods, Inc. et al*, was duly filed in the Middle District of Florida on Tuesday, November 8, as No. 8:16-cv-03145. On Friday, November 11, plaintiffs in *Martins* filed opt-in consent forms on behalf of Messrs. Wordlaw, Reid, and Smith (among other individuals). By agreement among the parties hereto, therefore, these individuals have been stipulated dismissed pursuant to F.R.C.P. 41(a)(1)(A)(ii).

As the parties and the Court discussed at status conference on November 3, undersigned counsel expects plaintiff Billy Joe Davis, Jr. to likewise opt in to *Martins* and be in position to stipulate dismissal within a matter of days. Undersigned counsel corresponded with Mr. Davis yesterday and today concerning anticipated receipt of his paperwork, and his consent is expected to be filed by counsel in *Martins* immediately upon receipt.

There is no prejudice apparent to Defendants by permitting Mr. Davis to consent into *Martins* and be here dismissed voluntarily, given the very short timeframe within which that is expected to happen. More to the point, Mr. Davis (though his deposition has been sought by Defendants) is not the subject of any outstanding requests for discovery, to the knowledge of undersigned counsel.

Concerning Mr. Farr, as discussed at status conference, his known contact information appears to be invalid and efforts to contact him have been unsuccessful. In the absence of communication, undersigned counsel has considered himself obligated to decline agreement with Defendants to dismiss any claims of Mr. Farr's.

Plaintiffs acknowledge that Defendants are entitled to relief other than indefinitely awaiting Mr. Farr's decision to consent into *Martins* and dismiss. However, it is respectfully

suggested that Mr. Farr, who may well be unaware of his opportunity to do so, should be given a reasonable period in which to learn of his rights and, if he as expected chooses to, exercise them. Defendants face no greater prejudice than lack of Mr. Farr's availability in discovery, but as the Court ordered on October 12 (Rec. Doc. 50), Phase I discovery would not in any event close until after Defendants had opportunity to complete it.

Undersigned counsel has and will continue to attempt to contact Mr. Farr by all means available (including email, telephone, U.S. Mail, and Federal Express, thus far) so long as the Court permits. Counsel respectfully requests the Court's leave to continue to seek Mr. Farr's acquiescence to voluntary dismissal, following consent into *Martins*, for two weeks from this filing, after which it would appear to be reasonable to conclude he cannot practicably be contacted.

Respectfully submitted this 14th day of November, 2016.

_/s Ryan Goudelocke_____
**Durio, McGoffin, Stagg & Ackermann**
Ryan M. Goudelocke (La. Bar # 30525)
Steven G. Durio (La. Bar # 05230)
P.O. Box 51308
Lafayette, LA  70505-1308
Phone: (337) 233-0300
Fax:  (337) 233-0694
ryan@dmsfirm.com
durio@dmsfirm.com

**ATTORNEYS FOR PLAINTIFFS AND CLASS**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Memorandum in Opposition has been filed via the Court's ECF/CM system, which will provide notice to all counsel of record, this 14th day of November, 2016.


       __/s Ryan Goudelocke_____
        Ryan M. Goudelocke