IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| RUDOLPH WORDLAW, individually and on behalf of others similarly situated, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FLOWERS FOODS, INC. and FLOWERS BAKING COMPANY OF VILLA RICA, LLC, <br><br> Defendants. | CIVIL ACTION FILE <br><br> NUMBER 3:15-cv-187-TCB |

### **O R D E R**

This putative collective action under the Fair Labor Standards Act was filed in December 2015 by Plaintiff Rudolph Wordlaw. Four additional employees subsequently filed consents to join this lawsuit as Plaintiffs: James Farr [4], Rosalula Reid [11], Richard C. Smith [22], and Billy Joe Davis, Jr. [43].

In November 2016, another putative collective action was filed against Defendants in the Middle District of Florida. *Martins v. Flowers Foods, Inc.*, No. 8:16-cv-3145 (M.D. Fla. filed Nov. 8, 2016). Wordlaw,

Reid, and Smith filed opt-in consent forms in that case and were dropped as parties to this case by stipulation pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure [52]. A stipulation dismissing Davis's claims was filed shortly thereafter [54].

During a telephone conference held on November 14, 2016, the Court directed Plaintiffs' counsel to show cause why the collective component of this case should not be dismissed. In response to that order, Plaintiffs' counsel indicated that the contact information provided by Farr is apparently no longer valid, and "[i]n the absence of communication" with their client, counsel considered themselves "obligated to decline agreement with Defendants to dismiss any claims of Mr. Farr's." [53] at 2. Plaintiffs' counsel requested that they be given two weeks from November 14, 2016 within which to attempt to contact Farr "by all means available."

In the month that has passed, Farr has not dismissed his claims in this case or further responded to the Court's show-cause order. Indeed, it appears that Farr has failed to respond to discovery or take any other actions in connection with his claims since at least June 2016.

Accordingly, the Court hereby dismisses Farr's individual and collective claims without prejudice pursuant to Rule 41(b) for failure to prosecute. The Clerk is directed to close this case.

    IT IS SO ORDERED this 12th day of December, 2016.

                              _____
                              Timothy C. Batten, Sr.
                              United States District Judge